Law Offices of
# John L. Juliano, P.C.

Hillside Bldg., 39 Doyle Court - East Northport, New York 11731
631 499-9300 • Fax: 631 462-2532

John L. Juliano
Jonathan C. Juliano

Eydie Reimo
Practice Administrator

March 29, 2010

Honorable A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11772

      Re:    Pineda v. Jim Mar Consultants, Inc.
             Case No.:   09-CV-5266 (ADS) AKT

Dear Honorable Magistrate Tomlinson:

      This office represents the defendants in the above referenced matter and by this letter oppose the plaintiff's request for an Order that Notice of Pendency be sent to other potential, allegedly, "similarly situated" employees in the above action to opt-in to this pending case pursuant to 29 U.S.C. § 216(b) and seeking conditional certification of a collective action.

      A review of the case law and 29 U.S.C. § 216(b), indicates that in certain respects 29 U.S.C. § 216(b) has not been followed in a number federal courts (*see, Peterson v. Snodgrass*, 2010 WL 56105, __ F.Supp. 2d __ [United States District Court, District of Oregon]).

      More on point is the decision of Judge Sotomayor, sitting as a District Court Judge in the United States District Court for the Southern District of New York, in the case of *Hoffman v. Sbarro, Inc.*, 92 F.Supp. 249 (1997).

      In the *Hoffman v. Sbarro* case, certain employees who were company managers alleged that they would be subject to deductions from their salary compensation as a result of a ***uniform company wide policy*** requiring them to reimburse the company for cash shortages from their salaries and that they were not paid for overtime pay required by Federal Labor Standards Act 29 U.S.C. §§ 207(a) and 213(a).

      Further, in the *Hoffman* case, the plaintiffs claimed that they were subject to a uniform company–wide policy in which Sbarro's refused to pay overtime pay to certain specified employees of the company.  The threshold issue in deciding whether to authorize class letters in

Honorable Magistrate Tomlinson - 2 - March 29, 2010

Re: 09-CV-5266 (ADS) AKT

the FLSA action was whether the plaintiffs had demonstrated that potential class members were "similarly situated" and, if so, then the District Court would have discretionary power to authorize the sending of Notice to Potential Class Members (Notice of Pendency) in a collective action under the Federal Labor Standards Act (29 U.S.C. § 216[b]). In <u>Hoffman</u>, there was a requirement that the class members be similarly situated and that they <u>sign an authorization</u> for inclusion in the action. Each potential plaintiff must file his or her written consent in the court in which the suit is brought in order to become part of the class under F.S.L.A. (<u>see, Bifulco v. Mortgage Zone, Inc.</u>, 262 F.R.D. 209, 213). With the exception of the affidavit of Antonio Junez, no other class members or similarly situated employees have signed any authorizations to become members of this alleged collective action under FLSA.

  The purpose of the "opt-in" language in 29 U.S.C. § 216(b) was to prevent large group actions with vast allegations of liability from being brought on behalf of employees who had no real involvement in, or knowledge of any lawsuit. There is no indication in the plaintiff's counsel's letter motion as to whether or not the alleged remaining potential class members have actions which are not barred by the statute of limitations as provided for by the statute.

  Further, the defendants have denied the allegations in the complaint now before the court and claim that they have paid the appropriate wages to all defendants and all employees who were employed by Jim Mar Consultants, Inc.

  For the reasons stated herein, it is respectfully requested that this court deny the plaintiff's motion pursuant to 29 U.S.C. § 216(b) seeking an order for the issuance of a Notice of Pendency and certification of a collective action in this case.

Respectfully,

JOHN L. JULIANO (JLJ 7625)

JLJ/bb

cc: Misiano, Shulman, Capetola & Kessler
  510 Broad Hollow Road, Suite 110
  Melville, New York 11747

  Jim-Mar Consultants, Inc.
  90 Marcus Boulevard
  Deer Park, New York 11729